# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUXURY BRANDS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No. 25-cv-6629 <br><br> Judge Mary M. Rowland <br><br> Magistrate Judge Heather K. McShain |

## AGREED MOTION FOR ENTRY OF CONSENT JUDGMENT

Plaintiff and Defendant 101 "GUOJIJUYE Co.Ltd" ("Defendant"), acting through counsel, and pursuant to the parties' settlement agreement, move this Court for entry of the Consent Judgment attached hereto.

Date: August 6, 2025

/s/Brandon Beymer
Brandon Beymer (ARDC No. 6332454)
Daliah Saper (ARDC No. 6283932)
Saper Law Offices, LLC
505 N. Lasalle, Suite 350
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com
brandon@saperlaw.com
Attorneys for Plaintiff

/s/He Cheng
He Cheng (BAR No. 5665617)
Palmer Law Group, P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, Florida 33308
(917) 525-1495
rcheng@palmerlawgroup.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUXURY BRANDS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>        Defendants. | Case No. 25-cv-6629<br><br>Judge Mary M. Rowland |

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff Luxury Brands, LLC ("Plaintiff") against Defendant 101 "GUOJIJUYE Co.Ltd" ("Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Amended Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly targets its business activities towards consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce store that targets United States consumers using the seller alias listed on Schedule A to the Amended Complaint, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and has used infringing and counterfeit versions of Plaintiff's federally registered FHI HEAT (Registration No. 3,731,453) and/or UNBRUSH (Registration No. 5,565,293) trademarks (the "Plaintiff's Trademarks") to residents of Illinois using e-commerce listings and/or product packaging which infringe Plaintiff's copyrighted marketing materials ("the Copyrighted Material").

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. §

1125(a)), and copyright infringement (17 U.S.C. § 101).

IT IS HEREBY ORDERED that:

1. Defaulting Defendants, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Plaintiff's Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. otherwise further infringing the Plaintiff's Trademarks;

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's trademarks, including the Plaintiff's Trademarks, or any reproductions, counterfeit copies or colorable imitations; and

    f. reproducing, publicly displaying, distributing, or otherwise using in any way

Plaintiff's Copyrighted Material or other materials substantially similar thereto.

2. Pursuant to the parties' settlement agreement, Defendant shall pay Plaintiff one thousand one hundred United Stated Dollars ($1,100.00 USD) in damages (the "Damages Amount").

3. Walmart, Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order (Dkt. No. 26), if, and only if, the full Damages Amount is transferred by Walmart and actually received by Plaintiff.

5. This case is dismissed without prejudice with leave to reinstate within one hundred eighty (180) days of the entry date, at such time, absent a motion to reinstate, such dismissal shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED:

Dated:

_____
Judge Mary M. Rowland
United States District Judge